ADVANCE DRY WALL COMPANY *v.* WOLFE-GILCHRIST, INC.

PLEADING—INTERVENTION—COURT RULE—JUDGMENT.

Intervention by unsatisfied judgment creditors was properly denied in action in which they asserted there were assets to which the judgment debtor was entitled *held,* to have been properly denied, where there is no statute conferring a conditional or unconditional right of intervention; no stipulation; and no property in custody or subject to control or disposition of the court or officer thereof; the judgment creditors cannot be bound by a judgment in the main action; and their claim has no question of fact or law in common with main action (GCR 1963, 209).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 May 12, 1966, at Lansing. (Docket No. 1,633.) Decided June 28, 1966.

Reginald Tellow and David M. Hayes, formerly copartners doing business as Hayes Electric Company, are judgment creditors of defendant Wolfe-Gilchrist, Inc., a Michigan corporation. They moved to intervene as parties plaintiff in the action by Advance Dry Wall Company against Wolfe-Gil-

REFERENCES FOR POINTS IN HEADNOTE
39 Am Jur, Parties § 55 *et seq.*

christ, Inc.   Motion denied and rehearing denied. Tellow and Hayes appeal.   Affirmed.

*Dee Edwards,* for plaintiff Advance Dry Wall Company.

*Leithauser & Grossbart (Julius M. Grossbart,* of counsel), for defendant Wolfe-Gilchrist, Inc.

*Ruth E. Bliefield* and *Sue Weisenfeld,* for Tellow and Hayes.

QUINN, J.   This appeal is from orders of Oakland county circuit court denying the petition of Tellow and Hayes to intervene in the main case and denying their subsequent motion for rehearing that petition.

August 11, 1958, Tellow and Hayes, copartners, doing business as Hayes Electric Company recovered judgment against Wolfe-Gilchrist, Inc.   After an execution was returned unsatisfied and on September 9, 1959, they filed a judgment creditor's bill, and a receiver was appointed for Wolfe-Gilchrist, Inc.   The receiver's first annual account disclosed no assets available for satisfaction of the judgment; the account was allowed, receiver discharged, and the creditor's bill was dismissed April 10, 1961.   The judgment remains unsatisfied.

Claiming as unsatisfied judgment creditors and asserting that there were assets to which Wolfe-Gilchrist, Inc., was entitled, Tellow and Hayes sought intervention as plaintiffs in Advance Dry Wall's action against Wolfe-Gilchrist, Inc., to protect their rights as judgment creditors in such assets. Their petition to intervene was filed under GCR 1963, 209.[1]   This rule is practically verbatim from

Federal Rules of Civil Procedure, Rule No 24, and since there are no Michigan cases interpreting GCR 1963, 209, we adopt Federal decisions interpreting Rule No 24 as controlling. There is no statute conferring an unconditional right to intervene, no stipulation and no property in custody or subject to control or disposition of the court or officer thereof, so if Tellow and Hayes qualify for intervention of right under GCR 1963, 209.1, it must be under 209.1(3). This they cannot do because they cannot be bound by a judgment in the action. *Cameron* v. *President and Fellows of Harvard College* (CA 1, 1946), 157 F2d 993. There is no statute conferring a conditional right of intervention and applicants' claim has no question of fact or law in common with the main action. Tellow and Hayes cannot qualify for intervention under GCR 1963, 209.2. *Dowdy* v. *Hawfield* (1951), 88 App DC 241 (189 F2d 637). The trial court properly denied intervention.

Affirmed, with costs to appellees.

McGREGOR, P. J., and BURNS, J., concurred.

---

1 Rule 209 Intervention.
.1 Intervention of Right.   Anyone shall be permitted to intervene in an action
(1) when a statute of this State confers an unconditional right to intervene; or
(2) by stipulation of all the parties; or
(3) upon timely application when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action; or
(4) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or officers thereof.
.2 Permissive Intervention.   Upon timely application anyone may be permitted to intervene in an action
(1) when a statute of this State confers a conditional right to intervene; or
(2) when an applicant's claim or defense and the main action have a question of law or fact in common.
In all cases the court, in exercising its discretion, shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.