### DAVIDSON v. CITY OF PONTIAC

### APPEAL OF MULLINIX

1. PARTIES—INTERVENTION—COURT RULE.

   A person has a right to intervene in an action in which his representation by the parties already in the action is or may be inadequate where the person seeking to intervene may be bound by a judgment in the action (GCR 1963, 209.1[3]).

2. PARTIES—INTERVENTION—STANDING—SUFFICIENCY OF INTEREST.

   A person generally has no such interest in litigation to which a municipality is a party as will entitle him to intervene merely in his capacity as a taxpayer.

3. PARTIES—INTERVENTION—STANDING—SUFFICIENCY OF INTEREST.

   A person who circulated petitions for the purpose of forcing a referendum on an income tax ordinance enacted by his city is *held* to have sufficient interest to give him the right to intervene in an action by other citizens against the city to prevent the holding of the referendum election on the ground that the petitions were legally deficient, if other conditions for intervention are met.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 39 Am Jur, Parties § 55 *et seq.*
[2, 3] 39 Am Jur, Parties § 69.
[4] 39 Am Jur, Parties § 58.
[5] 39 Am Jur, Parties § 57.
[6] 39 Am Jur, Parties § 60 *et seq.*
[8, 9] 39 Am Jur, Parties § 80.

4. PARTIES—INTERVENTION—ADEQUACY OF REPRESENTATION—COURT RULE—INTERPRETATION.

   The Michigan General Court Rule providing for a right to intervene if a person might be bound by the judgment in question and if he may not be adequately represented by the parties to the action is taken almost verbatim from the Federal Rules of Civil Procedure, and courts of this state will be guided by Federal decisions interpreting this rule (GCR 1963, 209; Federal Rules of Civil Procedure, No 24, as amended).

5. PARTIES—INTERVENTION—COURT RULE—INTERPRETATION—BURDEN OF PERSUASION.

   Court rules providing for intervention are to be liberally construed in favor of intervention, and the burden is on those opposing intervention to show the adequacy of existing representation (GCR 1963, 209).

6. PARTIES—INTERVENTION—ADEQUACY OF REPRESENTATION—COURT RULE.

   There need be no positive showing that existing representation is in fact inadequate before intervention will be permitted; a showing that representation *may* be inadequate is sufficient (GCR 1963, 209.1[3]).

7. PARTIES—INTERVENTION—ADEQUACY OF REPRESENTATION.

   Bad faith on the part of one of the parties to an action need not be shown by one seeking to intervene in the action before there can be a finding that the proposed intervenor's interests may not be adequately represented.

8. PARTIES — INTERVENTION — ADEQUACY OF REPRESENTATION — EVIDENCE.

   Indications that defendant city failed to advance defenses suggested by a circulator of petitions seeking a referendum on the city's income tax ordinance in defending an action by other citizens to prevent the referendum election, the fact that defendant city has an interest adverse to that of the circulator of the petitions, and the fact that the city denies that the circulator of the petitions has an interest in the action *held*, sufficient to show that the interests of the circulator of the petitions may not be adequately represented in the action to enjoin the referendum; therefore he should be permitted to intervene if he might be bound by the decision (GCR 1963. 209).

9. Parties—Intervention—Binding Effect of Judgment.
   An action against a city to enjoin the holding of a referendum election on the city's income tax ordinance may prejudice the right of the circulator of the petitions to petition unless he can secure dissolution of the injunction by collateral attack, and this is sufficient evidence that the circulator of the petitions may be bound by the judgment so that he should be permitted to intervene in the action where he may not be adequately represented by the parties (GCR 1963, 209).

Appeal from Oakland, William John Beer, J. Submitted Division 2 January 7, 1969, at Lansing. (Docket No. 4,939.) Decided February 25, 1969. Rehearing denied April 7, 1969. Leave to appeal denied June 13, 1969. See 382 Mich 761.

Complaint by Kenneth Davidson and Herbert L. Hay against the city of Pontiac, a municipal corporation, and William H. Taylor, Jr., and other members of its City Commission to enjoin the holding of a referendum election on defendant city's income tax ordinance. Cecil C. Mullinix, circulator of the referendum petitions, moved to intervene. Motion denied. Mullinix appeals. Reversed and remanded.

*Livingston, Gregory, Van Lopik & Higle,* for plaintiffs.

*Sherwin M. Birnkrant,* Director of Law for the City of Pontiac, for defendants.

*Cunningham & Coon,* for proposed intervenor, Cecil C. Mullinix.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

V. J. Brennan, J. The question is raised as to whether appellant was entitled to intervention as

of right under GCR 1963, 209.1(3), or, in the alternative, to permissive intervention under GCR 1963, 209.2(2).

The Pontiac city commission unanimously adopted a city income tax ordinance on October 3, 1967. Appellant circulated and filed a timely petition seeking to force a referendum election on the question of adopting a city income tax. The petition was filed December 14, 1967. The city commission took steps directed toward holding the election. On December 26, 1967, plaintiffs, citizens and taxpayers of Pontiac, brought suit to enjoin the city from holding the election alleging that appellant's petitions were legally defective. Defendants' answer of January 3, 1968, admitted the facts pleaded in support of the invalidity of the petition. On January 3, appellant filed an answer denying that the petition was invalid, and a motion to intervene. He alleged, *inter alia,* that the city's representation of his interest would be and was inadequate because the city favored the tax and opposed an election.

On January 4, Judge William Beer of the Oakland county circuit court issued orders denying the motion to intervene and granting the injunction.

GCR 1963, 209.1(3) provides for intervention of right where "the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action."

Is the applicant's interest sufficient to qualify under the rule? Generally a person, merely as taxpayer, has no such interest in litigation to which a municipality is a party as will entitle him to intervene. See *School District of the City of Ferndale* v. *Royal Oak Township School District No. 8* (1940), 293 Mich 1. Allowing that Mullinix's status *qua* taxpayer is insufficient to qualify for intervention, he

does have a special interest which should satisfy the first condition of intervention of right. The applicant was a moving party behind the referendum petition. What he seeks to protect is an integral part of the exercise of the political right to petition (CL 1948, § 141.503, as amended by PA 1968, No 307 [Stat Ann 1969 Cum Supp § 5.3194(3)]); namely, his compliance with the statutory requirements. Surely, if plaintiffs, as citizens and taxpayers, can properly attack the petitions' validity, Mullinix, as citizen, taxpayer and the party responsible for filing the petitions, should be allowed to defend their validity.

Might the representation by existing parties be inadequate? In *Advance Dry Wall Company* v. *Wolfe-Gilchrist Inc.* (1966), 3 Mich App 645–647, it was said that,

> "This rule [GCR 1963, 209] is practically verbatim from Federal Rules of Civil Procedure, Rule No 24, and since there are no Michigan cases interpreting GCR 1963, 209, we adopt Federal decisions interpreting Rule No 24 as controlling."

Subsequent to this decision, Rule No 24 was amended. See 1966 amendment to Rule No 24, FRCP. Although it is not entirely clear whether the amendment changed, or merely clarified, the test for allowing intervention, at least one court believes that the "change in wording does not relate to any change in standard." *Nuesse* v. *Camp* (1967), 128 App DC 172 (385 F2d 694, 702). Instead, "it underscores both the burden on those opposing intervention to show the adequacy of existing representation and the need for a liberal application in favor of permitting intervention." *Nuesse* v. *Camp, supra.* Taking the above statement as declarative of the policy underlying GCR 1963, 209, the Federal decisions under Rule No

24, though it has been reworded, are to be given considerable weight in interpreting GCR 1963, 209. Presently, the rules governing intervention are liberally construed in the Federal Courts. See *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.* (1967), 386 US 129 (87 S Ct 932, 17 L Ed 2d 814); *Nuesse v. Camp, supra; Justice v. United States* (CA 6, 1966), 365 F2d 312; 81 Harv LR 721.

From the wording of GCR 1963, 209.1(3) it is clear that there need be no positive showing that the existing representation is *in fact* inadequate. All that is required is that the representation by existing parties *may be* inadequate. See *Ford Motor Co. v. Bisanz Bros.* (CA 8, 1957), 249 F2d 22. Can it be said with certainty, then, that the applicant will be adequately represented?

Plaintiffs argue that taxpayers are presumed to be adequately represented by governmental authorities in the absence of a showing of gross negligence or bad faith. The Michigan Supreme Court has stated that the theory underlying the referendum is "that public officials may not be sufficiently responsive to the temporary will of the electorate * * *." *Ferle v. Parsons* (1920), 210 Mich 150, 154. A suit challenging the validity of a referendum petition aimed at overturning an act of the city is a peculiarly inappropriate one in which to apply a presumption that the city will adequately defend. Bad faith need not be claimed to show that representation will be or may be inadequate. *Atlantic Refining Co. v. Standard Oil* (1962), 113 App DC 20 (304 F2d 387).

There are presented here several indications that the city of Pontiac's representation may be inadequate. The city failed to advance defenses which the appellant suggested that he would advance. In *School District of the City of Ferndale v. Royal Oak Township School District No. 8, supra,* it was said,

quoting from 6 McQuillin, Municipal Corporations (2d ed), p 951, "* * * if the municipality, when sued, refuses to set up a material defense, taxpayers directly interested in the result are entitled to intervene and plead such defense." The ultimate success or failure of the applicant's defense is, of course, irrelevant to the question of intervention. A defense could have been urged here.

The defendants have an interest adverse to that of the appellant. In *Stadin* v. *Union Electric Co.* (CA 8, 1962), 309 F2d 912, the court said that inadequacy of representation "is or may be shown by the representative having or representing an interest adverse to the intervenor * * *." See also *Peterson* v. *United States* (Minn, 1966), 41 FRD 131. The ordinance sought to be overturned by appellant was enacted by defendant individuals as constituent members of the Pontiac commission. Defendant city, through its agents, has repeatedly warned that it would be forced to cut expenditures if the income tax were not levied. See *International Mortgage and Investment Co.* v. *Von Clemm* (CA 2, 1962), 301 F 2d 857.

The City denied that the intervenor had an interest. In *Textile Workers Union of America, C. I. O.,* v. *Allendale Co.* (1955), 96 App DC 401 (226 F2d 765), a union whose members would benefit from increased wage rates was allowed to intervene in a suit by manufacturers against the Secretary of Labor involving minimum wage rates. The Secretary took the position that the proposed intervenors could not show themselves directly affected by the determinations. This, said the court "is hardly an assurance of adequate representation." The fact that the city denied appellant's interest in the proceeding coupled with the considerations mentioned

above leaves one with the conclusion that Mullinix may not be adequately represented.

Might the appellant be bound? Again, the rule on its face requires only a possibility and not a certainty. The rule is satisfied if the applicant "may be bound." The final question involves, then, the determination of the meaning of the term "bound" and whether appellant comes within that meaning.

If the applicant must be "bound" in the strict sense of *res judicata* before there can be intervention, the following difficulties are presented:

As a general rule a resident is bound by a judgment against the resident's city. See 17 McQuillin, Municipal Corporations § 49.39, p 256. This effect assumes, however, that the resident is adequately represented by the municipality and has no interest in the matter other than as a citizen and taxpayer. If it were otherwise, *res judicata* would not apply. See *Hansberry* v. *Lee* (1940), 311 US 32 (61 S Ct 115, 85 L Ed 22). Here the applicant may not be adequately represented and he possesses a special interest. Thus, any *res judicata* effect of the injunction and determination sought may not apply to him. However, the appellant must establish the inadequacy and interest in the subsequent action. He should not "be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgments as applied to his interest by a later collateral attack." Advisory Committee's Note to amended Rule No 24, Federal Rules of Civil Procedure. The practical alternative to the collateral attack and its accompanying risk is intervention.

However, if *res judicata* is the standard, GCR 1963, 209.1(3) poses a dilemma. If the representation of existing parties is deemed to be adequate when intervention is sought, the applicant is not

entitled to intervention of right. If the representation is deemed inadequate, the applicant is not bound (in the *res judicata* sense) and therefore is not entitled to intervention. It becomes apparent that with *res judicata* as the measure for the determination whether the applicant may be bound, intervention, in such cases as this, is beyond reach.

To avoid this dilemma something less than *res judicata* should be required before it can be said that the applicant may be "bound." It was noted in the Advisory Committee's Notes to amended Rule No 24, Federal Rules of Civil Procedure that "the deletion of the 'bound' language * * * frees the rule from *undue preoccupation* with strict considerations of *res judicata.*" Avoiding this preoccupation, in what sense might the appellant be "bound" by the adjudication of this matter? The injunction sought here will prejudice his exercise of the right to petition unless he can secure dissolution of the injunction by collateral attack.

But, as stated above, a successful collateral attack presupposes that he can establish in the subsequent action that his representation was inadequate. This risk can be obviated by intervention in the original action. And this procedure, it is believed, was the proper course to be followed herein.

Since the appellant qualifies for intervention of right, it is unnecessary to determine whether he was entitled to permissive intervention under GCR 1963, 209.2(2).

Reversed and remanded to circuit court for rehearing, allowing intervention by appellant.

All concurred.