D'AGOSTINI v CITY OF ROSEVILLE

Docket No. 56395. Argued October 9, 1975 (Calendar No. 5).—Decided
    April 1, 1976.

    Plaintiff Ugo D'Agostini, a landowner in the City of Roseville,
    commenced a lawsuit in Macomb Circuit Court, Edward J.
    Gallagher, J., seeking to enjoin the City of Roseville from
    interfering with plaintiff's proposed use of his property as a
    multi-family residential area in an area zoned single family
    residential after the city denied plaintiff's petition to rezone his
    property. Sally DiMichele and others, neighboring property
    owners situated within 300 feet of the subject property, moved
    to intervene as of right pursuant to GCR 1963, 209.1(3). The
    trial court denied the motion. The Court of Appeals, Bronson,
    P. J., and Danhof and Carland, JJ., denied application for leave
    to appeal (Docket No. 20144). Intervening defendants appeal.
    *Held:*

    1. The intervenor satisfies the requirements of GCR 1963,
    209.1(3) by establishing that the principal defendant's represen-
    tation is or *may be* inadequate. Owners of immediately adjoin-
    ing property are possessed of rights which would be adversely
    affected by granting relief to the plaintiff and their interest in
    the litigation exceeds that of the general public or other owners
    in the area. The city is primarily concerned with the city-wide
    zoning pattern and legitimate purposes of the city could well
    result in compromises to the detriment of individual rights
    such as those of the intervenors.

    2. The mere possibility that a judgment will be binding on an
    intervenor is sufficient to permit intervention. The interpreta-
    tion of the word "bound" in GCR 1963, 209.1(3) in the narrow
    sense that the intervenor must be bound by a judgment under

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties §§ 143, 144, 172–175.
[2] 59 Am Jur 2d, Parties § 137 *et seq.*
[3] 59 Am Jur 2d, Parties § 183.

    When is representation of applicant's interest by existing parties
    inadequate and applicant bound by judgment so as to be entitled
    to intervention as of right under Federal Rule 24(a)(2) and similar
    state statutes or rules. 84 ALR2d 1412.

the principles of res judicata to intervene in a suit poses a dilemma in which it might prove impossible for an absent party to qualify for intervention because of an undue preoccupation with strict considerations of res judicata.

Reversed and remanded.

1. PARTIES—INTERVENTION OF RIGHT—INADEQUATE REPRESENTATION.

An applicant for intervention satisfies a requirement of the court rule for intervention as of right in an action by establishing that representation of his interest is or *may be* inadequate and the burden of making that showing should be treated as minimal (GCR 1963, 209.1[3]).

2. PARTIES—INTERVENTION OF RIGHT—ZONING—ADJACENT LANDOWNERS.

Adjacent landowners should be permitted intervention as of right in a zoning case because they possess rights which could be adversely affected by granting relief from a zoning ordinance to a plaintiff who owns adjoining property and a governmental body named as a defendant is primarily concerned with the overall zoning pattern and its legitimate objects and purposes could well result in compromises to the detriment of individual owner's rights (GCR 1963, 209.1[3]).

3. PARTIES—INTERVENTION OF RIGHT—BOUND BY JUDGMENT.

The mere possibility that a judgment will be binding on an applicant for intervention in an action is sufficient to permit intervention as of right (GCR 1963, 209.1[3]).

*Joseph P. Puzzuoli* and *Felice V. Iafrate* for plaintiff.

*Wenger, Vande Vrede & Lavigne, P. C.,* for intervening defendants.

LINDEMER, J. Plaintiff owns two adjacent parcels of land within the City of Roseville. He petitioned the Roseville Planning Commission to rezone his property from single-family residential to multifamily residential. His petition was denied on March 19, 1973. Plaintiff then sought to obtain rezoning from the city council, but on April 24th, it voted to deny his request. Finally plaintiff com-

menced this lawsuit in Macomb Circuit Court, seeking to enjoin the City of Roseville from interfering with plaintiff's proposed use of his property. On December 17, 1973, appellants, neighboring property owners situated within 300 feet of the subject property, filed a petition to intervene as of right, pursuant to GCR 1963, 209.1(3). The trial court denied intervention on February 28, 1974, upon the ground that appellants failed to meet the requirement of the court rule, and the Court of Appeals denied review. This Court granted the application for leave to appeal in order to consider the propriety of the trial court's action. We find the trial court to be in error and reverse.

GCR 1963, 209.1(3) reads:

".1 Intervention of Right. Anyone shall be permitted to intervene in an action

\*    \*    \*

"(3) upon timely application when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action".

The primary source of this rule was Rule 24 of the Federal Rules of Civil Procedure. At the time of the adoption of GCR 1963, 209.1(3) the parallel Federal rule, FR Civ P, 24(a)(2) read:[1]

"Upon timely application anyone shall be permitted to intervene in an action \* \* \* when the representation of the applicant's interest by existing parties is or may

---

[1] FR Civ P, 24(a)(2) was amended, eff. July 1, 1966, to read: "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties".

be inadequate and the applicant is or may be bound by a judgment in the action."

Because of the similarity of the state and Federal provisions we deem it proper to look to the Federal courts for guidance.

GCR 1963, 209.1(3) requires three elements:

a. Timely application;

b. Representation of the applicant's interest by existing parties is or may be inadequate;

c. Applicant may be bound by a judgment in the action.

All of the above must be present in order for the applicant to qualify for intervention of right, and we believe they are.

*a. Timely application.*

It is a general rule that a right to intervene should be asserted within a reasonable time. Laches or unreasonable delay by the intervenors is a proper reason to deny intervention. For general statements of the law see *School District of the City of Ferndale v Royal Oak Township School District No 8,* 293 Mich 1; 291 NW 199 (1940) (applying prior Michigan law). 59 Am Jur 2d, Parties, §§ 161, *et seq.,* pp 593, *et seq.*

In this case there were no allegations of unreasonable delay and we find no basis in the record for denying intervention on this ground.

*b. Representation of the applicant's interest by existing parties is or may be inadequate.*

When deciding to deny intervention the trial judge held that GCR 1963, 209.1(3) "requires first inadequacy of representation, and secondly distinction of issues between themselves and that of the principal defendant".

This statement is in error. The intervenor satisfies the requirements of the court rule by establishing that his representation is or *may be* inade-

quate. Significantly, the United States Supreme Court has remarked:

"The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal. See 3B Moore, Federal Practice, § 24.09-1[4] (1969)." *Trbovich v United Mine Workers of America,* 404 US 528, 538, fn 10; 92 S Ct 630; 30 L Ed 2d 686 (1972).

The State of Illinois has a statute which closely parallels the language of our court rule. In *Bredberg v City of Wheaton,* 24 Ill 2d 612; 182 NE2d 742 (1962), the Illinois Supreme Court stated sound reasons why adjacent landowners should be permitted intervention into a zoning case.

"Statutes providing for intervention are remedial and are liberally construed. And, as was stated by the Joint Committee who drafted our act: 'Intervention is frequently desirable to allow a person to protect an interest jeopardized by pending litigation to which he is not a party or to avoid relitigation in another suit of issues which are being litigated in a pending suit.' This language has singular application here where the Bredbergs, as owners of immediately adjoining property, were possessed of rights which would be adversely affected by the granting of the counterclaim, and whose interest in the ligitation *[sic]* far exceeded that of the general public or other owners in the area. Moreover, we may consider that the city, the only defendant named in the counterclaim, is primarily concerned with the city-wide zoning pattern and cannot be guided solely by a consideration of individual hardships. Under such circumstances the legitimate objects and purposes of the city could well result in compromises to the detriment of individual rights such as those of the Bredbergs. Indeed, demonstrative in this case is the fact that the city of Wheaton has taken no appeal from the judgment finding its ordinance invalid in its application

to a portion of the Booth property." *Bredberg, supra,* 623–624. (Citations omitted.)

We agree with these reasons and find that the intervenors in this suit have met the second requirement.

*c. Applicant may be bound by a judgment in the action.*

We recognize a split in authority has developed over the interpretation of the word "bound". Courts are divided over whether "bound" should be read in the narrow legal sense that the petitioner must be bound under the principles of res judicata or whether the term should be read in the broader sense that, as a practical matter, the petitioner's ability to protect his interest would be substantially affected. Plaintiff urges that we adopt res judicata as our standard. He contends that under a res judicata approach the intervenors would not be bound and therefore they should not be allowed to intervene as of right. However, we believe there are strong policy reasons to adopt a broader reading of the court rule. The express use of the words "may be" in the rule, read in the context of its purpose, demonstrates that a mere possibility that the judgment will be binding is sufficient to permit intervention.

Additionally, a res judicata construction of GCR 209.1(3) poses a serious dilemma, by which it might prove impossible for an absent party to qualify for intervention.

"If the representation of an absent party is inadequate, he cannot be bound by the judgment in the action, and thus cannot intervene, while if the representation is adequate, he does not meet the second half of the test of Rule 24(a)(2) and still cannot intervene." 2 Barron and Holtzoff, Federal Practice and Procedure (Cum Supp 1970), § 597, p 135. (Footnotes omitted.)

The Court of Appeals faced this problem in *Davidson v City of Pontiac,* 16 Mich App 110, 118; 167 NW2d 856 (1969).

"To avoid this dilemma something less than *res judicata* should be required before it can be said that the applicant may be 'bound.' It was noted in the Advisory Committee's Notes to amended Rule No 24, Federal Rules of Civil Procedure that 'the deletion of the "bound" language * * * frees the rule from *undue preoccupation* with strict considerations of *res judicata.'* Avoiding this preoccupation, in what sense might the appellant be 'bound' by the adjudication of this matter? The injunction sought here will prejudice his exercise of the right to petition unless he can secure dissolution of the injunction by collateral attack."

We agree with the Court of Appeals that the broader standard should apply. Under that standard intervenors satisfy the final element of the court rule.

Reversed and remanded to the trial court. No costs, a public question being involved.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with LINDEMER, J.

RYAN, J., took no part in the decision of this case.