KARRIP v TOWNSHIP OF CANNON

Docket No. 55715. Submitted January 5, 1982, at Grand Rapids.— Decided April 16, 1982.

George Karrip, Jr., Lorraine Karrip, Edward J. Nyholt and Susan O. Nyholt filed a complaint in Kent Circuit Court against the Township of Cannon and others seeking the vacation of part of a highway known as Silver Lake Drive contained within Weller Park, a recorded plat in Kent County, under provisions of the Subdivision Control Act. The highway is the only public access to Silver Lake, a navigable inland lake. The Silver Lake Association, Wendall Briggs, Ned Stuits, Steve Stuits, Ronald D. Meyers, Robert Wiersing, Rockford Sportsmen's Club, Tri-Town Conservation Club, and Michigan United Conservation Clubs, Incorporated, filed a motion to intervene as parties defendant or, in the alternative, to act as amici curiae, alleging that the individuals use Silver Lake Drive as members of the public to gain access to Silver Lake for the purposes of navigation, fishing, scenic viewing, and other recreational uses. The clubs alleged the same purposes on behalf of their members. The court, Roman J. Snow, J., entered an order allowing Silver Lake Association to intervene as a defendant but not allowing the remaining parties to intervene. The remaining parties appeal from that order. *Held:*

The remaining parties had a right to intervene pursuant to the Michigan court rules. They moved to intervene in a timely manner. Because the parties' interests here are much narrower than the general public's interests, *i.e.,* to maintain access to the lake for recreational purposes, especially fishing, the parties met the minimal burden necessary to show that their interests may be inadequately represented by the existing

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties § 129 *et seq.*
[2] 59 Am Jur 2d, Parties §§ 141, 143-145, 161-170.
[3] 59 Am Jur 2d, Parties § 162.
[4] 59 Am Jur 2d, Parties §§ 141, 143-145.
[5] 59 Am Jur 2d, Parties § 141.
[6-8] 59 Am Jur 2d, Parties §§ 26-30.
[9] 59 Am Jur 2d, Parties § 95 *et seq.*

parties. Furthermore, the proposed intervenors would be bound by a judgment in the action because their ability to protect their interests would be substantially affected. In addition, the parties seeking intervention have standing to assert their claims. Although generally private individuals have no standing to bring a suit on behalf of the public, here only those persons who use Silver Lake will be injured and it is they who seek to maintain access to the lake. Because Silver Lake is navigable and the state holds such waters in trust for its citizens, preventing access to the lake to those persons who have used it and wish to continue using it presents a personal stake in the outcome of the controversy for those persons wishing to intervene. Both the individuals and the non-profit organizations representing members who might be injured have standing and a right to intervene.

Reversed and remanded.

1. PARTIES — INTERVENTION — COURT RULES.

Anyone shall be permitted to intervene in an action: (1) where a statute of this state confers an unconditional right to intervene; or (2) by stipulation of all the parties; or (3) upon timely application when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action; or (4) where the applicant is so situated as to be adversely affected by a distribution of property which is in the custody or subject to the control or disposition of the court or officer thereof (GCR 1963, 209.1).

2. PARTIES — INTERVENTION — COURT RULES.

All of the following factors must be present in order for an applicant to qualify for intervention as of right: (1) timely application; (2) representation of the applicant's interest by existing parties is or may be inadequate; and (3) the applicant may be bound by a judgment in the action (GCR 1963, 209.1[3]).

3. PARTIES — INTERVENTION — LACHES.

Generally, a right to intervene in a lawsuit should be asserted within a reasonable time and laches or an unreasonable delay is a proper reason to deny intervention.

4. PARTIES — INTERVENTION — COURT RULES.

There need be no positive showing that existing representation is in fact inadequate before intervention by a party should be permitted; a showing that representation may be inadequate is

sufficient and bad faith need not be claimed (GCR 1963, 209.1[3]).

5. PARTIES — INTERVENTION — COURT RULES.

A party seeking intervention in a lawsuit would be bound by a judgment in that action for purposes of the court rule providing for intervention if, as a practical matter, the petitioner's ability to protect his interest would be substantially affected by the judgment; a mere possibility that the judgment would be binding on the petitioner is sufficient to permit intervention (GCR 1963, 209.1[3]).

6. PARTIES — STANDING.

Generally, a private citizen has no standing to bring a suit on behalf of the public; this rule is applicable in taxpayer, zoning and nuisance cases where the general public suffers equally; however, where only a certain group would be injured, the rule should not prohibit standing to bring a suit on behalf of those persons.

7. PARTIES — STANDING.

Standing to bring a lawsuit should not be denied simply because many people suffer the same injury; to deny standing to ·persons who are in fact injured simply because many others are also injured would mean that the most injurious and widespread government actions could be questioned by nobody.

8. PARTIES — STANDING.

The question of standing to sue involves asking whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy; where a party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a personal stake in the outcome of the controversy as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.

9. PROPERTY — SUBDIVISION CONTROL ACT.

The Subdivision Control Act requires that certain parties, including public officials, be joined as public defendants but the language of the act does not lead to the conclusion that only those parties can properly be joined and such should not be inferred (MCL 560.224a; MSA 26.430[224a]).

*Murphy, Burns & McInerney, P.C.,* for plaintiffs.

*McShane & Bowie* (by *Thomas C. Shearer)*, for Cannon Township.

*Peter W. Steketee,* for intervening defendants.

Before: R. B. BURNS, P.J., and D. F. WALSH and MACKENZIE, JJ.

PER CURIAM. Defendants Briggs, et al., appeal by right from an order of the trial court denying them intervenor status in the case at bar.

In September of 1979, a group of landowners from Cannon Township petitioned the board of county road commissioners of Kent County for the abandonment and discontinuance of a portion of Silver Lake Drive, a county road, which provided public access to Silver Lake. The portion of the roadway sought to be abandoned is located in a recorded plat, Weller Park, in Cannon Township. The landowners also sought abandonment of a strip of land lying outside of the Weller Park plat between the end of Silver Lake Drive and the water's edge of Silver Lake. On September 25, 1979, the Kent County Board of Road Commissioners issued an order providing for abandonment of the land mentioned in the petition, subject to an easement for public utilities.

Thereafter, the plaintiffs filed a complaint in circuit court seeking vacation as a public roadway of the land covered by the order for abandonment issued by the board of county road commissioners. Over 30 parties were joined as defendants. Two months later, before any discovery or other proceedings occurred, Briggs, et al., moved to intervene, either by right or permissively, pursuant to GCR 1963, 209.1(3), 209.1(4) and 209.2(2), as party defendants, or, in the alternative, to act as amici curiae. The individual intervenors claimed to use

the land sought to be vacated in order to gain access to Silver Lake for recreational purposes. The intervenors that were organizations claimed that some of their members used the land for the same purposes. All parties seeking intervention claimed that vacating the land would cause them immediate and irreparable injury, as it provided "the only effective public access to the lake". The parties seeking intervention also filed a complaint and an affirmative defense which asserted that the land was a public highway which provided public access to a navigable body of water in which the public had rights of use. The trial court denied intervention, finding: (1) that Briggs, et al., did not allege any injury distinct from that of the general public and had no direct interest sufficient to intervene as a matter of right, (2) that any rights of the public must be represented by public officials charged with that responsibility, (3) that Briggs, et al., had not established that the representation of their interests by existing parties would be inadequate and, (4) that, "considering the large number of persons among the proposed intervenors who might opt in", permissive intervention would unduly delay the adjudication of the rights of the original parties and, in its discretion, would not be allowed.

Intervention of right is covered by the following court rule:

".1 Intervention of Right. Anyone shall be permitted to intervene in an action

"(1) when a statute of this state confers an unconditional right to intervene; or

"(2) by stipulation of all the parties; or

"(3) upon timely application when the representation of the applicant's interest by existing parties is or may

be inadequate and the applicant may be bound by a judgment in the action; or

"(4) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or officer thereof." GCR 1963, 209.1.

The Supreme Court has found that there is striking similarity between the state and federal intervention provisions and, thus, looked to the federal courts for guidance when deciding that:

"GCR 1963, 209.1(3) requires three elements:

"a. Timely application;

"b. Representation of the applicant's interest by existing parties is or may be inadequate;

"c. Applicant may be bound by a judgment in the action.

"All of the above must be present in order for the applicant to qualify for intervention of right * * *." *D'Agostini v City of Roseville,* 396 Mich 185, 188; 240 NW2d 252 (1976).

Generally, a right to intervene should be asserted within a reasonable time and laches or an unreasonable delay is a proper reason to deny intervention. *Id.* In this case, there is no claim of unreasonable delay by the proposed intervenors and none appears on the record, as they moved to intervene two months after the filing of plaintiffs' complaint and before any proceedings or discovery had been taken. Thus, there was no basis to deny intervention on this ground.

The proposed intervenors satisfied the second requirement by establishing that their representation is or *may be* inadequate. The burden of making that showing is treated as minimal, *id.,* 188-189, and there need be no positive showing that

the existing representation is in fact inadequate. Rather, one is only required to show that existing representation may be inadequate and bad faith need not be claimed. *Davidson v Pontiac,* 16 Mich App 110; 167 NW2d 856 (1969).

While the Attorney General theoretically represents all of the people of the state along with their many and diverse interests in this action, the proposed intervenors' interests are much narrower, *i.e.,* to maintain access to the lake for recreational purposes, especially fishing. Claiming a much narrower interest than the general public seems to meet the minimal burden necessary to show that one's interests may be inadequately represented by existing parties. Consequently, there is no basis to deny intervention on this ground.

Finally, the proposed intervenors may be bound by a judgment in the action, as "bound is read in the broader sense that, as a practical matter, the petitioner's ability to protect his interest would be substantially affected", *i.e.,* "a mere possibility that the judgment will be binding is sufficient to permit intervention". *D'Agostini, supra,* 190. In this case, a judgment for plaintiffs would bar the proposed intervenors from the only feasible means of access to a navigable lake, a lake whose waters they indisputably have a right to use. Consequently, there is no basis to deny intervention on this ground.

Although Briggs, et al., have a basis to intervene as of right, they must also demonstrate that they have standing to assert their claims. While it is true that one has no standing to bring suit on behalf of the public, *Comstock v Wheelock,* 63 Mich App 195; 234 NW2d 448 (1975), that rule is generally stated in taxpayer, zoning, and nuisance

cases where the general public suffers equally, *i.e.,* the threatened injury to one is no different than that to all generally. In this case, only those who use Silver Lake will be injured and it is they who seek to maintain access to the lake. Those members of the general public who do not use the lake suffer no injury and, therefore, are not represented.

Further,

"* * * standing is not to be denied simply because many people suffer the same injury.

*     *     *

"To deny standing to persons who are in fact injured simply because many others are also injured, would mean that the most injurious and widespread Government actions could be questioned by nobody." *United States v Students Challenging Regulatory Agency Procedures,* 412 US 669, 687-688; 93 S Ct 2405; 37 L Ed 2d 254 (1973).

The initial inquiry is whether the proposed intervenors have "an interest in the outcome of this litigation sufficient to invoke the controversy-resolving powers of the judiciary". *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319, 325; 266 NW2d 808 (1978).

"Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a 'personal stake in the outcome of the controversy,' *Baker v Carr,* 369 US 186, 204; 82 S Ct 691; 7 L Ed 2d 663, 678, as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial

resolution.' *Flast v Cohen,* 392 US 83, 101; 88 S Ct 1942; 20 L Ed 2d 947, 962." *Sierra Club v Morton,* 405 US 727, 731-732; 92 S Ct 1361; 31 L Ed 2d 636 (1972).

Also, *SCRAP, supra,* 687. The foregoing proposition and cases were cited with favor by this Court in *Behnan Hall, supra,* 324-325.

The proposed intervenors have satisfied the test cited by *Behnan Hall, supra.* Because Silver Lake is navigable and the state holds such waters in trust for its citizens, preventing access to the lake to those who have used it and wish to continue using it presents a "personal stake in the outcome of the controversy".

Further, although the Subdivision Control Act requires that certain parties, including public officials, be joined as public defendants, MCL 560.224a; MSA 26.430(224a), the language of the act does not lead to the conclusion that only those parties can properly be joined and such should not be inferred. *Saint John's-Saint Luke Evangelical Church, United Church of Christ v National Bank of Detroit,* 92 Mich App 1; 283 NW2d 852 (1979). Both the individuals and the non-profit organizations representing injured members have standing and a right to intervene.

Since Briggs, et al., had a right to intervene pursuant to GCR 1963, 209.1(3), it is not necessary to determine whether intervention was possible on any other grounds.

Reversed and remanded. No costs, public question.