*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOTAL ESSENCE LLC,

        Plaintiff-Appellee,

v

VALUE SAVE PROPERTY LLC,

        Defendant-Appellant

and

WISSAM SATTAM,

        Intervening Defendant-Appellee.

UNPUBLISHED
May 14, 2025
10:46 AM

No. 369178
Wayne Circuit Court
LC No. 23-008139-CB

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

The trial court entered a default, granted plaintiff's motion for a default judgment, and granted Wissam Sattam's motion to intervene. We reverse and remand for further proceedings.

## I. BACKGROUND

In August 2019, plaintiff signed two leases with defendant, Value Save Property, LLC (VSP), for retail space in Detroit, Michigan, for 30 years at the price of $1 per month. Sattam signed the leases on behalf of VSP. In June 2023, VSP sent plaintiff two notices to quit the premises after an Oakland Circuit court found that Sattam lacked authority to act on behalf of VSP.

Plaintiff sued VSP for declaratory relief, requesting that the trial court find that the leases were valid and binding on VSP; plaintiff had the right to continued occupancy under the lease; and VSP could not void the leases on the basis of Sattam's alleged lack of authority. Plaintiff asserted that it had upgraded and rezoned the property, and that Sattam and Eddie Barash, "both of whom held themselves out as members and authorized agents of VSP," knew about and approved of these efforts. Barash also never objected to plaintiff occupying the property. Plaintiff filed a proof of service indicating that VSP had been served with the complaint and summons in Bloomfield Hills,

Michigan. The process server had signed the proof, but the acknowledgment of service was unsigned and the manner of service was unmarked.

In July 2023, plaintiff requested a default, which the clerk entered, and plaintiff subsequently moved for default judgment. In August 2023, VSP moved to set aside the default and responded to plaintiff's motion for entry of default judgment. VSP asserted that "Sattam attempted to hijack control of VSP," but Oakland Circuit Court Judge Michael Warren had since found that Sattam did not have managerial control of VSP. VSP argued that there was good cause to set aside the default because plaintiff had not served VSP's managing member, and VSP had promptly acted to set aside the default. Further, VSP argued that it had a meritorious defense.

In response, plaintiff argued that it had properly served Barash at his residence and that the Oakland court order did not address whether Sattam had *apparent* authority. With its response, plaintiff included an affidavit from Sattam, in which he stated that he had purchased a 60% ownership interest in VSP in August 2018, and he executed the leases with plaintiff in August 2019, on behalf of VSP. Sattam stated that he had represented to plaintiff that he had the actual and apparent authority to enter into the leases on VSP's behalf.

Plaintiff also provided an affidavit from Fred Weisberg, in which he asserted that he personally served the summons and complaint. Weisberg explained that when he went to the home, he introduced himself and asked for Barash. The man who answered the door stated that he would call Barash. The man appeared to speak with Barash and then told Weisberg that he had permission from Barash to accept service. Weisberg stated that with his experience as a process server, he believed the individual to be Barash. Plaintiff attached an amended proof of service, now indicating that Weisberg had personally served a "white male accepting as person in charge."

Sattam moved to intervene and remove VSP's defense counsel on the basis that his interests were not being protected. Sattam asserted that, after he removed Barash as manager in August 2021, Barash "went on a literal litigation rampage against Sattam," and there were six pending lawsuits involving Barash and Sattam in Oakland and Wayne counties. Sattam explained that the Oakland Circuit Court order had been stayed. Plaintiff filed a concurrence to Sattam's motion to intervene, agreeing that Sattam should be permitted to intervene and choose new counsel for VSP.

In response to Sattam's motion, VSP argued that Sattam had no interest in VSP or plaintiff and that his involvement would prevent an efficient resolution of the case. Moreover, this Court had overturned Judge Warren's order permitting a stay without Sattam posting a bond. See *Value Save Prop, LLC v Sattam*, unpublished order of the Court of Appeals, entered July 28, 2023 (Docket No. 366285).

VSP did not appear at the hearing on plaintiff's motion for default judgment and Sattam's motion to intervene. The trial court found that "the resident agent" of VSP had been served with the summons and complaint. Sattam's counsel argued that VSP had not opposed the motion to intervene. The trial court granted Sattam's motion to intervene, ordering that Sattam had "the sole and exclusive right to retain legal counsel" for VSP "in this and in any other legal proceeding in which [VSP was] a party, whether now pending or whether hereinafter commenced." The trial court also granted plaintiff's motion for default judgment for declaratory relief.

VSP moved for reconsideration of both orders, and the trial court denied the motions. VSP now appeals.

## II. ANALYSIS

## A. DEFAULT

First, VSP argues that the trial court's orders were void due to lack of personal jurisdiction. A party must raise an issue in the trial court to preserve it for appeal. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). VSP argued in the lower court that plaintiff failed to serve VSP, but did not specifically raise a personal-jurisdiction challenge.[1] Although a party may "make a more sophisticated or fully developed argument on appeal than was made in the trial court," *id*. at 228, a "moving party must show that the same basis for the error claimed on appeal was brought to the trial court's attention," *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Because VSP failed to raise the personal-jurisdiction challenge in the trial court, we will not review it now. We will, however, consider the potentially defective service as it relates to good cause to set aside the default.

This Court reviews for an abuse of discretion a trial court's decision regarding a motion to set aside a default. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). We review for clear error a trial court's factual findings. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). A finding is clearly erroneous when this Court is left with a definite and firm conviction that the trial court made a mistake. *Id*. Finally, this Court reviews de novo the interpretation and application of court rules. *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012).

Under MCR 2.603(D)(1), "[a] motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed." The "good cause" and "meritorious defense" requirements are distinct, and a party must show both to prevail on a motion to set aside. *Tindle v Legend Health, PLLC*, 346 Mich App 468, 475; 12 NW3d 667 (2023). "Defaults are not favored and doubts generally should be resolved in favor of the defaulting party." *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 586; 321 NW2d 653 (1982). "[A]lthough the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999) (cleaned up). Manifest injustice

---

[1] "The defense of lack of jurisdiction over the person or property is waived unless made in the first responsive pleading or by motion first filed." *Van Pembrook v Zero Mfg Co*, 146 Mich App 87, 95; 380 NW2d 60 (1985). See also MCR 2.116(D)(1); *Electrolines, Inc v Prudential Assurance Co, LTD*, 260 Mich App 144, 163-164; 677 NW2d 874 (2003).

"occur[s] if a default were to be allowed to stand where a party has satisfied the 'meritorious defense' and 'good cause' requirements of the court rule." *Id*. at 233.

A party can establish good cause by demonstrating "a procedural irregularity or defect" or "a reasonable excuse for not complying with the requirements that created the default." *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000). Factors for the trial court to consider to determine whether good cause existed include:

> (1) whether the party completely failed to respond or simply missed the deadline to file; (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred; (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment; (4) whether there was defective process or notice; (5) the circumstances behind the failure to file or file timely; (6) whether the failure was knowing or intentional; (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4); (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and (9) if an insurer is involved, whether internal policies of the company were followed. [*Id*. at 238.]

In this case, VSP did not "completely fail" to respond. Instead, VSP filed its motion to set aside the default 18 days after the default was entered, 11 days after plaintiff moved for default judgment, and almost two months before the trial court held a hearing on plaintiff's motion. This was not an overly significant delay. Further, the potential cost of the default judgment is substantial, considering the long-term $1.00 per month leases.

There was also, at least, a question about "whether there was defective process." Service-of-process rules "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(K)(1). Two options for completing service of process on a limited-liability company, under MCR 2.105(H), include "serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent" or "serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company."

Here, even if it seems likely that VSP had actual notice of the lawsuit, the record is not conclusive on whether the man that Weisberg served was Barash or could accept service of process, nor whether Barash was attempting to evade service, as plaintiff alleges. Therefore, under the totality of the circumstances, see *Shawl*, 280 Mich App at 237, VSP demonstrated good cause to set aside the default.

As to a meritorious defense, a court should consider whether the defendant demonstrated that the plaintiff could not prove, or the defendant could disprove, an element of the claim; a ground for summary disposition existed; or the plaintiff's claim rested on inadmissible evidence. *Shawl*, 280 Mich App at 238. Plaintiff argues that VSP did not demonstrate a meritorious defense because plaintiff alleged that Sattam had actual *or* apparent authority, while VSP's defense rested on Sattam lacking *actual* authority. As VSP argues, however, apparent authority cannot be

-4-

established solely by the acts and conduct of the agent. See *Meretta v Peach*, 195 Mich App 695, 699; 491 NW2d 278 (1992). VSP has raised a significant question about Sattam's authority to execute the leases.

Further, although a party must show both good cause and a meritorious defense, "if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Alken-Ziegler*, 461 Mich at 233-234. In combination with the potentially defective service of process, the very real possibility that Sattam lacked authority to execute these leases requires that the default be set aside. The trial court's concern about VSP not attending the hearing was understandable, but, under the facts of this case, it was an abuse of discretion for the trial court to grant plaintiff's motion for default judgment and not set aside the default.

## B. INTERVENTION

The trial court also abused its discretion with its broad intervention order permitting Sattam to choose counsel for VSP in all legal proceedings. Intervention is "an action by which a third party becomes party in a suit pending between others." *Ferndale Sch Dist v Royal Oak Twp*, 293 Mich 1, 12; 291 NW 199 (1940) (cleaned up). An individual has the right to intervene, on timely application, if that right is conferred by statute or court rule; the parties stipulate to the intervention; or the applicant's claim relates to the transaction and the action may impair the applicant's ability to protect its interest, without adequate representation by existing parties. MCR 2.209(A). A court may grant permissive intervention if that right is conferred by statute or court rule or the applicant's claim "and the main action have a question of law or fact in common." MCR 2.209(B). "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." MCR 2.209(B).

Intervention is proper if an intervenor's interest "may" not be adequately represented by one of the existing parties. *D'Agostini v Roseville*, 396 Mich 185, 188-189; 240 NW2d 252 (1976). Intervention may not be proper, however, if "it will have the effect of delaying the action or producing a multifariousness of parties and causes of action." *Precision Pipe & Supply, Inc v Meram Constr, Inc*, 195 Mich App 153, 157; 489 NW2d 166 (1992).

In this case, the trial court granted Sattam the right to choose counsel for defendant in all cases. Sattam has an interest in the proceedings that may be inadequately protected by the original parties. See *D'Agostini*, 396 Mich at 188-189. He signed the at-issue leases, and claims membership in VSP. But, as there are several cases involving the membership and actions of VSP, it was not proper to give Sattam unlimited power over VSP with this limited record, particularly when VSP objected to Sattam's motion and demonstrated that another court had already determined that Sattam did not have authority to act on behalf of VSP. Allowing Sattam to *participate* in these proceedings would be proper, but not to this broad extent and not to choose VSP's counsel. Therefore, the trial court abused its discretion with its intervention order.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle