RAMSEY *v* P. DiLEGGE & SONS, INC

NEGLIGENCE—DIRECTED VERDICT—EXPERT WITNESSES—QUESTION OF FACT.

A directed verdict for defendant in an action in negligence for an injury the plaintiff sustained in a trench cave-in caused by the defendant's placement of sewer risers deeper than specified in its contract with the county, necessitating that the trench dug to make a subsequent homesite connection be open longer, thus allowing the sides to dry out, was improperly granted where plaintiff's qualified expert witness had testified that the deeper depth of the risers had contributed to, and

REFERENCE FOR POINTS IN HEADNOTE
57 Am Jur 2d, Negligence § 7.

been a substantial causative factor in, the cave-in, because the expert's testimony created a question of fact concerning weight and credibility.

Appeal from Wayne, Wade Van Valkenburg, J. Submitted Division 1 February 8, 1972, at Detroit. (Docket No. 11339.)   Decided March 23, 1972.   Leave to appeal denied, 387 Mich 790.

Complaint by Theodore Ramsey and Bertha Ramsey against P. DiLegge & Sons, Inc. for damages incurred from a trench cave-in. Directed verdict and judgment of no cause of action. Plaintiffs appeal. Judgment vacated and remanded for a new trial.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian* (by *Paul A. Rosen*), for plaintiffs.

*Kelly & Tatham* (by *William M. Bolger*), for defendant.

Before: BRONSON, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J.   This is what is sometimes called a third-party negligence action.   An employee asserts that he was injured while engaged in the course of his employment (and doubtlessly he was) by reason of the claimed negligence of a corporation other than his employer. Appeal is of right from a directed verdict in favor of the third party corporate defendant.

It came about this way.   Defendant entered into a contract with Oakland County for the installation of some four miles of sewer pipe in what is called in the record the Troy Sanitary Sewer System.   The sewer pipe was a part of the main sewer system.   The pipe was placed some 20 feet below ground level.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

This main conduit was not directly connected with any of the individual homesites served by the main line. In order to connect this line with the plumbing facilities in the homes, without the householder having to dig down 20 feet, connection had to be made through one of a series of "risers" located at intervals along the main line. These risers were vertical pipes connected to the main line and capped by what is called a "cookie". This is a cap on the riser which must be removed before the household sanitary system could discharge waste into the main line. Plaintiff's employer, Thomas Furnari, was employed by a householder to make the connection between the riser and the household plumbing system.

According to plaintiff's theory, he relied upon, and had a right to rely upon, specifications in the original contract between DiLegge and Oakland County insofar as it dictated the location of the risers and the depth below ground level at which they were to be set. It is the further claim of plaintiff that defendant, instead of installing the riser at a 10-foot depth, as agreed to in the original contract, actually placed the riser so as to be 13–1/2 feet below ground level. This, says plaintiff, was negligence. He further asserts that this claimed negligence was *a* proximate cause of his injury, because he was required to be in a 3–1/2 foot deeper trench for a longer period of time than he would have been had he only been required to dig to the riser at a 10-foot depth. He further claims that this longer period of time caused the walls of the trench or hole he dug to dry out. A piece of clay below the top of the hole became disengaged, fell on him, and injured him severely; *viz,* a herniated disc and permanent back pain.

His wife asserts a cause of action for her loss of his consortium. This is derivative in nature. If his case fails, so does hers. If he prevails, she has a

right to a finding of her claimed loss and asserted damage.

The crucial question presented is whether at the end of the proofs the trial judge properly granted a motion for a directed verdict of no cause for action; thus, withdrawing the case from the jury's consideration.

This case was ably and vigorously tried by capable counsel on each side. The learned trial judge was explicit and thorough in his ruling on all objections. There are two volumes of trial transcript. Because of the abiding importance of the answer of an expert witness to a hypothetical question posed by plaintiff's counsel, the trial judge instructed the jury with care as to limitations upon opinion evidence before he permitted the witness to answer. The phrasing of that question, the objections thereto, the implementing thereof with additional facts, and the colloquies between court and counsel consume 30 pages of the transcript. The trial judge evaluated the expert's qualifications—and they were impressive —and found him entitled to give opinion evidence as to the cause of the disengagement of the lump of clay which struck and injured plaintiff. His affirmative ruling on the qualifications of the expert and his entitlement to testify was well within his discretion. The expert testified unequivocally that, in his opinion, installation of the riser deeper than custom and contract provided, necessitating additional time required to dig to the necessary depth to locate it, and the consequential drying out and loss of the cohesive quality of the sides of the excavation, was "a contributing factor to the cave-in" and a "substantial factor causing the cave-in".

Despite the trial judge's expressed belief that " * * * the real culprit in this situation is the fellow who dug the trench * * * or hole", despite

defense counsel's vigorous argument as to the inadequacy of the hypothesis, and the claimed invasion of the province of the jury, we cannot but conclude that once the expert's testimony was properly admitted an issue of fact as to its weight and credibility was created. The assessment of that weight and credibility was perforce for the jury.

In principle we cannot distinguish this case from *Clark* v *Dalman,* 379 Mich 251 (1967). We hold that it controls.

Of necessity, we vacate the order directing a verdict and ordering the entry of a judgment of no cause of action. We remand to the trial court for a new trial. The plaintiffs may tax costs.

All concurred.