OLDANI v LIEBERMAN

Docket No. 80747. Submitted May 15, 1985, at Detroit.—Decided August 5, 1985.

Plaintiff, Harry Oldani, and Judith Oldani were married in 1969. In 1980, defendants, Arthur S. Lieberman, D.O., and others gave medical treatment to Judith Oldani. During that treatment, some of the defendants negligently prescribed drugs for Mrs. Oldani which resulted in her hospitalization and caused her permanent injury. On April 29, 1981, Judith Oldani filed a complaint against defendants, alleging medical malpractice and seeking damages. On May 18, 1981, she filed a complaint for divorce. On or about February 23, 1982, plaintiff filed a complaint in the Macomb Circuit Court, alleging that, as a result of defendants' negligence, he lost the use, services, companionship and consortium of his wife, and that he was liable for his wife's medical and hospital costs, to his detriment. On April 15, 1982, a judgment of divorce dissolving the parties' marriage was entered. The divorce judgment was silent with respect to any proceeds from the parties' malpractice claims against defendant doctors. Judith Oldani settled and released her claims against the defendants. Defendants moved for accelerated judgment against plaintiff and the court, George R. Deneweth, J., granted the motion, holding that plaintiff's claim for loss of consortium was barred by Judith's release of the defendants, which contained no admission of wrongdoing on defendants' parts, and that his claim for reimbursement of medical expenses was not

REFERENCES FOR POINTS IN HEADNOTES

[1-4] Am Jur 2d, Husband and Wife § 450.
Wife's right of action for loss of consortium. 36 ALR3d 900.
[2] Measure and element of damages in wife's action for loss of consortium. 74 ALR3d 805.
[3] Am Jur 2d, Husband and Wife § 459 *et seq.*
Validity of verdict or verdicts by same jury in personal injury action awarding damage to injured spouse but denying recovery to other spouse seeking collateral damages, or vice versa. 66 ALR3d 472.
[4] Am Jur 2d, Husband and Wife § 442. .
[5] Am Jur 2d, Husband and Wife §§ 16, 17.

proper because the medical expenses were joint obligations. Plaintiff appealed. *Held:*

1. A claim for loss of consortium is derivative and recovery in an action for loss of consortium is contingent upon the injured person's recovery of damages. A spouse seeking damages for loss of consortium should be joined in the principal case brought by the other spouse. An injured spouse's settlement with the defendants in a personal injury action does not operate to release the other spouse's claim for loss of consortium against the defendants where the other spouse is prevented from intervening or joining in the suit through no fault of his own.

2. The disabilities of coverture were abolished by the Constitution. Thus, plaintiff's argument that he was solely responsible for Judith's medical expenses incurred during the marriage is without merit.

Reversed.

1. HUSBAND AND WIFE — LOSS OF CONSORTIUM.
   Loss of consortium inlcudes loss of society, companionship, service, and all other incidents of the marriage relationship.

2. NEGLIGENCE — LOSS OF CONSORTIUM — ACTIONS.
   A claim for loss of consortium is derivative and recovery in an action for loss of consortium is contingent upon the injured person's recovery of damages.

3. NEGLIGENCE — LOSS OF CONSORTIUM — ACTIONS — JOINDER — COURT RULES.
   A spouse seeking damages for loss of consortium should be joined in the principal case brought by the other spouse (GCR 1963, 205; MCR 2.205).

4. NEGLIGENCE — LOSS OF CONSORTIUM — ACTIONS — RELEASE.
   An injured spouse's settlement with the defendants in a personal injury action does not operate to release the other spouse's claim for loss of consortium against the defendants where the other spouse is prevented from intervening or joining in the suit through no fault of his own.

5. HUSBAND AND WIFE — COVERTURE — CONSTITUTIONAL LAW.
   The disabilities of coverture have been abolished (Const 1963, art 10, § 1).

*John J. Kraus, Jr.,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

*Pedersen, P.C.* (by *Robert G. Kamenec* and *Abe L. Frank*), for defendants Terry A. Podolski and Macomb Medical Clinic, P.C.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for defendants Eric Coffman and Michael Fox.

Before: BEASLEY, P.J., and GRIBBS and R. R. LAMB,* JJ.

BEASLEY, J. Plaintiff, Harry Oldani, appeals as of right from the trial court's order granting accelerated judgment to defendants in this action for loss of consortium and medical expenses. The trial court concluded that releases executed by plaintiff's ex-wife, Judith Oldani, barred plaintiff's claim.

Judith and Harry Oldani were married in 1969. In 1980, defendants treated Judith Oldani. During that treatment, some of the defendants negligently prescribed drugs for Mrs. Oldani which resulted in her hospitalization and caused her permanent injury. On April 29, 1981, Judith Oldani filed a complaint against defendants, alleging medical malpractice and seeking damages. On May 18, 1981, she filed a complaint for divorce. On or about February 23, 1982, plaintiff filed his complaint in the within case, alleging that, as a result of defendants' negligence, he lost the use, services, companionship and consortium of his wife, and that he was liable for his wife's medical and hospital costs, to his detriment. On April 15, 1982, a judgment of divorce dissolving the parties' marriage was entered in Macomb County Circuit Court. The divorce judgment was silent with respect to any proceeds from the parties' malpractice claims against defendant doctors. After Judith Oldani

---

* Circuit judge, sitting on Court of Appeals by assignment.

settled and released her claims against all defendants for $167,500,[1] defendants successfully moved for accelerated judgment in this action.

On appeal, plaintiff raises two issues. First, he argues that his right to sue for loss of consortium was not lost by his ex-wife's settlement with defendants, because it was a separate claim for injury to him, and his wife had no power to settle or release that separate claim.

Michigan case law permits a husband or wife to recover damages for loss of consortium when his or her spouse is injured by the negligence of a third party.[2] Loss of consortium includes conjugal fellowship, companionship, services and all other incidents of the marriage relationship.[3]

In Michigan, a claim for loss of consortium is derivative and recovery in an action for loss of consortium is contingent upon the injured person's recovery of damages.[4] In *Rusinek v Schultz, Snyder & Steele Lumber Co*,[5] the Supreme Court said:

"Since it is derived from the injured spouse's action, a claim of loss of consortium does not create a new case nor does it contribute significantly to the problems the act was intended to alleviate."

When an injured person's claim is barred by the exclusive remedy provision of the Worker's Disability Compensation Act,[6] the loss of consortium

[1] On June 3, 1983, Judith Oldani released her claims against defendants Lieberman and Podolski, doing business as The Macomb Medical Clinic, in exchange for $150,000. On March 7, 1984, she released her claims against defendants Fox and Coffman in exchange for $17,500.

[2] *Montgomery v Stephan*, 359 Mich 33; 101 NW2d 227 (1960).

[3] *Ledsinger v Burmeister*, 114 Mich App 12, 26; 318 NW2d 558 (1982).

[4] *Hilla v Gross*, 43 Mich App 648, 652; 204 NW2d 712 (1972).

[5] 411 Mich 502, 508; 309 NW2d 163 (1981), *reh den* 412 Mich 1101 (1981).

[6] MCL 418.131; MSA 17.237(131).

claim is also barred.[7] Where the injured party prevails, the uninjured spouse has a right to a finding of his or her claimed loss and asserted damage.[8]

In general, a spouse seeking damages for loss of consortium should be joined in the principal case brought by the other spouse. GCR 1963, 205, now MCR 2.205, which spells out the circumstances for necessary joinder of parties, would seem to be applicable. Particularly, GCR 1963, 205.2(3), now MCR 2.205(B)(3), requires the trial court to decide whether prejudice to the defendant may result from the nonjoinder. Since a loss of consortium claim is always derivative of the principal claim, failure to join the two suits can force a defendant to defend similar claims regarding liability. It is always true that, if the spouse loses the principal action on the basis of no liability, then the loss of consortium claim must likewise fail. Consequently, we believe that loss of consortium claims come under GCR 1963, 205, now MCR 2.205, requiring necessary joinder and, therefore, the loss of consortium claim must be joined with the principal claim unless there is some good reason preventing it.

In the within case, plaintiff, Harry Oldani, claims that he tried to intervene and be consolidated with Judith Oldani's case against defendant doctors. Since plaintiff did, in fact, start the within case against the same defendants while Judith Oldani's case against those same defendants was still pending, it would seem that his case should have been joined with that of Judith, unless there

[7] *Bourassa v ATO Corp,* 113 Mich App 517, 520; 317 NW2d 669 (1982), *lv den* 414 Mich 966 (1982); *Burgess v Holloway Construction Co,* 123 Mich App 505, 510; 332 NW2d 584 (1983), *lv den* 417 Mich 1100.14 (1983); *Holody v Detroit,* 117 Mich App 76, 82; 323 NW2d 599 (1982), *lv den* 417 Mich 931 (1983).

[8] *Ramsey v DiLegge & Sons, Inc,* 39 Mich App 385, 387-388; 197 NW2d 483 (1972), *lv den* 387 Mich 790 (1972).

were compelling reasons preventing it. We do not believe that the mere fact that Judith and Harry Oldani were involved in a divorce proceeding is a good reason. Thus, we hold that it was error for the trial court to deny the motion to consolidate the two claims, the one brought by Judith and the other by Harry.

However, even if the two cases had been joined and consolidated for trial, the same issue would arise, namely, what effect should be given to Judith's settlement of the principal claim against defendants. In the usual case, where a husband and wife bring a principal claim and an additional loss of consortium claim in the same suit, a settlement is only made with both parties. More specifically, a defendant settling with two such plaintiffs would be expected to make a payment to the two plaintiffs, to take releases from each, and to seek entry of an order dismissing the case as to each. However, the within case is not the usual case, for the reason that the two plaintiffs, Harry and Judith, were in the midst of a divorce case, and there does not appear to have been any joint settlement whereby Harry would receive any of the settlement money.[9] In such a situation, we are reluctant to hold that Harry's loss of consortium claim has been released by the fact of an executed release by Judith and payment to her of substantial sums.

In *Ramsey v DiLegge & Sons, Inc,*[10] which the trial court relied upon, we held that the spouse's action for loss of consortium fails if the primary case fails, saying:

"His wife asserts a cause of action for her loss of his

[9] Judith Oldani signed and delivered to defendants a release of all claims. We do not undertake to interpret the meaning of the indemnity language in the release because that question was not raised.

[10] 39 Mich App 385, 387-388; 197 NW2d 483 (1972).

consortium. This is derivative in nature. If his case fails, so does hers. If he prevails, she has a right to a finding of her claimed loss and asserted damage."

However, in this case, plaintiff's wife settled her claim for a considerable sum, which indicates that she had a valid claim for medical malpractice. That presents a very different situation than one where the allegedly injured party has no claim. In fact, it is analogous to the situation in which the injured spouse has prevailed, rather than that in which the injured spouse has no claim. In this setting where, given the size of the settlement, plaintiff's wife apparently sustained serious injuries, it is possible that plaintiff may also have suffered damages.

In courts in other jurisdictions which have considered this question, the decisions are divided. In 29 ALR4th 1201, the text writer says:

"Where a person who has been injured reaches a settlement agreement with the party who injured him, and in so doing executes a release by which he relieves the tortfeasor of all future liability for his injuries, the question has arisen as to whether the injured person's spouse may then bring an action for loss of consortium suffered as a result of the same injury. Where the action for loss of consortium is seen as purely derivative of the original cause of action for the injury, it has been held that once the original cause of action has been released, the action for loss of consortium is also barred. However, the more prevalent view seems to be that the loss of consortium suit is not barred as it is a separate and independent cause of action which is the property of the spouse and cannot be controlled by the injured person."

In *Beardslee v Michigan Claim Services, Inc,*[11] we said:

___

[11] 103 Mich App 480, 489-490; 302 NW2d 896 (1981), *lv den* 412 Mich 872 (1981).

"To the extent his [plaintiff's] wife's claim is derivative and relies upon losses caused by the original injury, it is likewise extinguished. * * * Since she [plaintiff's wife] did not sign the release and was not a party to the redemption proceedings, however, that portion of the wife's claim for loss of consortium based upon the claim of fraud is not barred."

Since there is no fraud claim here, it can be argued that literal application of *Beardslee* would mean that the release given by Judith Oldani operated to release Harry Oldani's loss of consortium claim.

However, we believe that the holding in *Beardslee* is best understood by reference to the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), which provides in pertinent part:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee * * *."

Thus, except for the workers' compensation benefits, the employee's claim against his employer arising out of the work-related injury, and that of his spouse, are expressly barred by statute.[12] The *Beardslee* Court apparently concluded that the husband's claim of fraud, an intentional tort, was not barred by the exclusive remedy provision of the Worker's Disability Compensation Act.[13] There-

---

[12] See *Dale v Whiteman*, 388 Mich 698, 708; 202 NW2d 797 (1972).

[13] See *Burgess v Holloway, supra,* p 508.

fore, it held that, where the wife asserted a valid, separate claim for fraud, the husband could not release that claim. The thrust of these comments is that *Beardslee* does not control decision in the within case.

In summary, plaintiff, Harry Oldani, had a viable loss of consortium claim arising out of his wife's damage claim against defendant doctors for malpractice. Harry's claim was derivative of Judith's claim, *i.e.*, if Judith's claim had been litigated on the merits and she had lost, Harry would have had no claim. Under GCR 1963, 205, now MCR 2.205, Harry's claim should have been joined with Judith's. Since it was not, Harry's motion to intervene in Judith's malpractice case and/or to have his loss of consortium case consolidated with her malpractice case should have been granted. Judith's argument that Harry's motion should have been denied because they were in the process of being divorced was not sufficient. On the record before us, there was not any sufficient reason to justify denying Harry an opportunity to assert his loss of consortium claim in the framework of Judith's claim. Thus, it was error for the trial court to deny Harry's motion to intervene and/or to consolidate.

Under these circumstances, where Harry was kept out of Judith's suit through no fault of his own, Judith's settlement with defendants did not operate to release Harry's claims against defendants. Judith did not have authority to settle and release Harry's claim. Therefore, the trial court erred in granting accelerated judgment in favor of defendants and against Harry's loss of consortium claim. Accordingly, we reverse and remand this case to the trial court for trial of Harry's loss of consortium claim.

Secondly, plaintiff argues that Judith Oldani

had no obligation to pay her own medical expenses. Thus, he reasons that since he, the husband, was liable for those expenses and since he "satisfied" them (in other words, his insurance company paid the bill) he is entitled to reimbursement for Judith Oldani's medical expenses.

All disabilities of coverture were abolished by Const 1963, art 10, § 1.[14] Thus, plaintiff's argument that he was solely liable for Judith's medical expenses incurred during the marriage is without merit.

Reversed.

---

[14] See *Manufacturer's National Bank of Detroit v Pink,* 128 Mich App 696, 700; 341 NW2d 181 (1983).