OLIVER v DEPARTMENT OF STATE POLICE

Docket No. 89850. Submitted November 4, 1986, at Lansing. Decided May 5, 1987.

Ernest Oliver brought one action in 1980 and two actions in 1985 in Ingham Circuit Court against the State of Michigan, the Department of State Police and various individuals whom plaintiff had worked with in the course of his employment with the state police. The actions involved alleged violations by defendants of plaintiff's civil rights under federal and state law and were subsequently consolidated for trial. Phyllis Oliver, plaintiff's former wife, learned of an impending settlement between plaintiff and defendants and sought her appointment as next friend of Andrew A. Oliver, the Olivers' only child, in order to intervene as plaintiff to advance the child's derivative claim for loss of parental society and companionship. The trial court, James R. Giddings, J., denied both requests and the proposed intervening plaintiff appealed.

The Court of Appeals *held:*

1. The new rule of law recognizing a cause of action for a child's loss of parental society and companionship announced by the Supreme Court on March 30, 1981, in *Berger v Weber,* 411 Mich 1, applies to claims accruing after March 30, 1981. Thus, in this case the rule only applies to the actions brought by plaintiff in 1985.

2. The trial court did not err in ruling that the proposed intervening plaintiff's derivative claim need not have been joined with the claims brought by plaintiff.

3. The court rule providing for a party's intervention as a

References

Am Jur 2d, Parent and Child § 111.

Am Jur 2d, Parties §§ 141, 143-145, 163.

Child's right of action for loss of support, training parental attention or the like, against a third person negligently injuring parent. 11 ALR4th 549.

When is representation of applicant's interest by existing parties inadequate and applicant bound by judgment so as to be entitled to intervention as of right under Federal Rule 24 Cal (2) and similar state statutes or rules. 84 ALR2d 1412.

Time within which right to intervene may be exercised. 37 ALR2d 1306.

matter of right requires, inter alia, that: (1) the application be timely made; (2) representation of the applicant's interests by existing parties is or may be inadequate; and (3) a determination by the trial court that a disposition of the action in which intervention is sought may as a practical matter impair or impede the applicant's ability to protect his interests. In this case, the trial court properly ruled against intervention since it was not shown that settlement of plaintiff's claims would as a practical matter impair or impede the proposed intervening plaintiff's ability to protect the child's interests. The amount of settlement would not be changed by a successful claim by the proposed intervening plaintiff inasmuch as plaintiff had agreed to indemnify defendants should the claim for loss of parental society and companionship prove successful.

Affirmed.

1. ACTIONS — PARENT AND CHILD — LOSS OF COMPANIONSHIP.

A child may recover for loss of a parent's society and companionship caused by a negligent injury to the parent.

2. PARTIES — INTERVENTION OF RIGHT — COURT RULES.

A party may intervene as a matter of right where (1) the party makes a timely application, (2) shows that representation of his interest by the existing parties is or may be inadequate, and (3) the trial court determines that a disposition of the action in which intervention is sought may as a practical matter impair or impede the party's ability to protect his interests (MCR 2.209[A]).

*Hubbard, Fox, Thomas, White & Bengston, P.C.* (by *Michael G. Woodworth*), for proposed intervening plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for defendants.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and P. J. CLULO,* JJ.

P. J. CLULO, J. The proposed intervening plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff, Phyllis Oliver, as next friend of Andrew A. Oliver (the minor), appeals as of right from a December 17, 1985, order which denied her petitions for intervention and from an order which dismissed with prejudice the consolidated actions of Ernest Oliver. The issue raised on appeal is whether the circuit court erred when it denied the minor's motion for intervention under MCR 2.209(A)(3). For the reasons set out in this opinion we affirm the decision of the lower court.

The action in which the minor seeks to intervene is the consolidation of three separate law suits brought by his father, Ernest Oliver, arising out of his employment as a crime laboratory scientist with the Michigan Department of State Police. Ernest Oliver and Phyllis Oliver were formerly husband and wife. They were divorced in 1981. They had one child, Andrew, whose birthdate is March 7, 1977. Both parents were employed as crime laboratory scientists prior to their divorce and in 1980 Ernest Oliver filed in Ingham Circuit Court an action against his employer and certain individuals with whom he had worked and alleged various civil rights violations under 42 USC 1983 as well as a civil rights claim under Michigan law. Neither Phyllis Oliver nor the minor were joined as plaintiffs in that action although the complaint did contain general allegations regarding injury to him "and his family." In 1985 Ernest Oliver expanded the scope of the litigation filed in 1980 by simultaneously filing two more lawsuits against the State of Michigan. One was filed in the Court of Claims covering allegations similar to those first raised in the action he filed in 1980 as well as additional allegations and theories of liability not originally filed. The third lawsuit was filed in Ingham Circuit Court and sought injunctive relief.

Sometime in early December of 1985, Phyllis

Oliver learned of an impending settlement of Ernest Oliver's three lawsuits against the defendants. On December 15, 1985, Phyllis Oliver filed her petitions for appointment as next friend of the minor as well as her petition for intervention and other relief. The lower court rejected the plaintiff's argument that Andrew was a necessary party to the litigation and should have been allowed to intervene pursuant to the provisions of MCR 2.205. The lower court also found that the minor did not satisfy the provisions of MCR 2.209(A)(3) so as to establish a right of intervention.

The underlying claim of the minor is on the theory of the loss of a parent's society and companionship caused by the tortious injury to that parent as enunciated by the Michigan Supreme Court in *Berger v Weber,* 411 Mich 1; 303 NW2d 424 (1981). Following *Berger* the Court, in *Hicks v Agney,* 413 Mich 556, 558; 321 NW2d 383 (1982), enunciated the accrual rule as follows:

> There can be no question that this Court in *Berger* announced a new rule of law, recognizing a new cause of action. In such circumstances the interests of justice and fairness require that the new rule apply only to the case which is decided and to causes of action which accrue after the decisional date of the case announcing the new rule. *Parker v Port Huron Hospital,* [361 Mich 1, 28; 105 NW2d 1 (1960)]. Since our decision in *Berger* announced a new rule, we hold that the decision applies only to causes of action which accrued after March 30, 1981. Since the plaintiffs' cause of action accrued several years prior to March 30, 1981, the result reached by the Court of Appeals in the instant case was correct.

Before analyzing the joinder and intervention claims of the minor, we note that any claim for loss of parental society and companionship which

the minor could make would be limited to those claims in Ernest Oliver's two 1985 lawsuits. The claims arising out of the 1980 lawsuit did not accrue after March 30, 1981.[1] In addition, the *Berger* rule does not specifically address the kind of facts that are alleged in the principal claims of Ernest Oliver, the minor's father, and specifically the fact that Ernest Oliver does not allege any physical injury. The question of whether the *Berger* holding would allow a loss of parental society and companionship claim arising from negligent conduct which results in psychological injury rather than physical injury was not raised in the lower court and has not been briefed or argued in this Court and therefore will not be addressed in this opinion.

In arguing his claim of necessary joinder under MCR 2.205, the minor cites this Court's decision in *Oldani v Lieberman,* 144 Mich App 642; 375 NW2d 778 (1985). In that case the lower court had ordered accelerated judgment to the defendants in an action for loss of consortium by a spouse. The lower court had concluded that the releases executed by the injured spouse barred the plaintiff's claim for loss of consortium. This Court reversed the accelerated judgment indicating that the spouse did have a viable consortium claim which should have been joined with the principal plaintiff's claim. The Court further stated that the spouse's motion to intervene or consolidate his consortium lawsuit with his spouse's malpractice lawsuit should have been granted. This is the only Michigan case that has addressed the requirement of joinder in a consortium lawsuit. The issue, however, was addressed only in dicta. The underly-

[1] See *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972), for the general rule for determing the accrual of a tort action.

ing decision states the proposition that a spouse's consortium claim will stand independent of the primary plaintiff's claim and an independent consortium claim should not be dismissed because of the prior release of the injured spouse's claim. Nowhere in any Michigan case is there a requirement that a claim such as this must be joined under the mandatory joinder rules of MCR 2.205. That issue simply has not been addressed.

Some courts allow a spouse to maintain a consortium claim so long as it is joined with any other action filed by the spouse who sustained personal injuries. *Schreiner v Fruit,* 519 P2d 462, 466 (Alas, 1974); *Dems v Western Maryland R Co,* 247 Md 95; 231 A2d 514 (1967); *Nicholson v Hugh Chatham Memorial Hospital, Inc,* 300 NC 295; 266 SE2d 818 (1980); *Ekalo v Constructive Service Corp of America,* 46 NJ 82; 215 A2d 1 (1965); *Millington v Southeastern Elevator Co,* 22 NY2d 498; 239 NE2d 897 (1968). One court recommends joinder "only when the personal injury action is in suit, and then only to assure that, if the personal injury action is tried, the consortium action will be tried with it." The court does not apply the joinder requirement to settlements before trial. *Huffer v Kozitza,* 375 NW2d 480, 482 (Minn, 1985). Other courts firmly reject a joinder requirement. *Rosander v Copco Steel & Engineering Co,* 429 NE2d 990, 991-992 (Ind App, 1982); *Snodgrass v General Telephone Co of the Northwest, Inc,* 275 Or 79; 549 P2d 1120 (1976). We believe the lower court was right in it ruling that Michigan law does not require a consortium claim to be joined to the claims raised by the principal plaintiff. We are also satisfied that the courts that have addressed the issue and do not require joinder state the better rule.

The minor next argues that the court erred in

failing to order intervention as of right under MCL 2.209(A)(3). Intervention as of right is governed by MCR 2.209(A), which provides:

(A) Intervention of right. On timely application a person has a right to intervene in an action:

(1) when a Michigan statute or court rule confers an unconditional right to intervene;

(2) by stipulation of all the parties; or

(3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

All parties agree that subsection (3) is the relevant provision in this case.

The former court rule, GCR 1963, 209.1(3), was interpreted by our Supreme Court in *D'Agostini v City of Roseville,* 396 Mich 185, 188; 240 NW2d 252 (1976), to require the following three elements:

a. Timely application;

b. Representation of the applicant's interest by existing parties is or may be inadequate;

c. Applicant may be bound by a judgment in the action.

Interpreting the rule in light of FR Civ P 24(a)(2), the Court determined that all three elements must be present in order for an applicant to qualify for intervention as of right. *Id.* One notable change in the language of MCR 2.209(A)(3) from GCR 1963,

209.1(3) is that the new court rule does not retain the third requirement that "an applicant be bound by a judgment in the action."

The focus of this Court will be on the specific elements of MCR 2.209(A). The new court rule still requires a timely application. The arguments before the lower court and the opinion of the lower court assume that the minor's action accrued at the time of the filing of the first lawsuit by Mr. Oliver. As indicated, *supra,* that is not the case and the minor's suit in fact derives from the March, 1985, lawsuits. This puts the timeliness question in a different focus than was addressed below. In addition, plaintiff argues that laches does not run against an infant, relying on *Putnam v Tinkler,* 83 Mich 628, 638; 47 NW 687 (1890). Also, the minor points to the minority savings provision of § 5851(1) of the Revised Judicature Act, MCL 660.5851; MSA 27A.5851, to support his claim that intervention was timely. The *Berger* Court responded to arguments concerning the timeliness of a claim for loss of parental society and companionship in light of the minority savings provision:

> Defendants-appellants next contend that allowing a child to maintain an independent cause of action when his or her parent is negligently injured will result in a burden to the individual defendant and to our court system. Under MCL 600.5851; MSA 27A.5851, if a person's claim accrues when he is a minor, he is entitled to bring the cause of action at any time through his 19th birthday. The prospect of multiple suits will discourage settlements.
>
> Multiplicity of actions arising out of the same tortious act are a present reality in tort law. Multiple actions may result whenever a single tortious act injures more than one person or property owned by more than one person. Whenever the persons are minor children the tortfeasor is

faced with the minority savings provision in MCL
600.5851; MSA 27A.5851.

So too when a new cause of action is created,
litigation may be increased. However, as the Court
of Appeals aptly pointed out, "[t]he rights of a new
class of tort plaintiffs should be forthrightly judged
on their own merits, rather than engaging in a
gloom speculation as to where it will all end."
(Citations omitted.) 82 Mich App 199, 210. [411
Mich 14-15.]

The lower court's conclusion of law on the timeliness question was based on an erroneous finding;
namely, that the minor's action accrued with the
filing of Ernest Oliver's first lawsuit in 1980. That
is not the case and, for that reason, we find that
the minor's motion was timely. However, this
Court is satisfied that intervention of right was
properly denied.

The second element required by the court rule is
a showing that the representation of the applicant's interests by existing parties is or may be
inadequate. MCR 2.209(A)(3); *D'Agostini, supra,* p
189. The record plainly shows that Oliver never
attempted to represent the minor's interests or
assert the minor's claim. Thus, the second element
is satisfied.

The third element of the court rule requires a
determination whether "disposition of the action
may as a practical matter impair or impede the
applicant's ability to protect [his] interests." According to the minor, the lower court erred by
failing to recognize the practical impediments to
the minor's efforts to prove Oliver's cause of action. The minor further contends that the lower
court overemphasized his independent right to
pursue the claim for loss of parental society and
companionship. We note that *Oldani, supra,* p 648
suggests otherwise. The *Oldani* Court held that the

ex-wife's settlement with the defendants in that medical malpractice action did not operate to release the consortium claims filed by her ex-husband. 144 Mich App 650. Likewise, Oliver's settlement with defendants in the instant case should not preclude the minor from pursuing his claim, and thus the third element was not satisfied. Even if the minor is required to prove the merit of Oliver's claims, we agree with the lower court's finding that any difficulties he might have do not "as a practical matter impair or impede [his] ability to protect [his] interest." The fact that Oliver, through his attorney, stated on the record that he would indemnify the defendants (in the event that the minor later pursued his claim) has no bearing on the minor's ability to pursue his claim. It appears that Oliver and defendants negotiated indemnification as a term of the settlement agreement. Since the minor merely seeks apportionment and distribution of the settlement proceeds, and not an upset of the settlement amount, no showing is made of an impairment to the minor's ability to prosecute his claim.[2]

The defendant having failed to establish the third element of MCR 2.209A[3], the circuit court properly denied the minor's motion for intervention as of right.

Affirmed.

---

[2] The courts of other jurisdictions are divided on the issue of whether a release signed by an injured person relieving the tortfeasor of all liability for his injuries will bar an action by the spouse for loss of consortium. See, generally, Anno: *Injured party's release of tortfeasor as barring spouse's action for loss of consortium,* 29 ALR4th 1200.