PRECISION PIPE & SUPPLY, INC v MERAM CONSTRUCTION,
INC

Docket No. 129294. Submitted May 21, 1992, at Detroit. Decided July
20, 1992, at 9:45 A.M.

Precision Pipe & Supply, Inc., brought an action in the Macomb
Circuit Court against subcontractor Meram Construction, Inc.,
general contractor Midwest Development Company, Inc., and
others, seeking payment for materials furnished for a construc-
tion project. Meram cross-claimed against Midwest. L.P.O.M.
Group, the project owner, which had created an escrow fund
covering the disputed amount and had taken an assignment of
Midwest's claims and defenses against Meram, moved to inter-
vene, alleging that its interests were not sufficiently repre-
sented by the existing parties. The court, George R. Deneweth,
J., denied the motion. L.P.O.M. appealed.

The Court of Appeals *held:*

The trial court abused its discretion in denying the motion to
intervene. L.P.O.M. filed a timely application and showed that
representation of its interests by the existing parties was
inadequate. Also, a disposition of the action, as a practical
matter, may impair or impede the ability of L.P.O.M. to protect
its interest.

Reversed.

PARTIES — INTERVENTION OF RIGHT.

A party may intervene as a matter of right where it makes a
timely application and shows that representation of its inter-
ests by the existing parties is inadequate and the trial court
determines that a disposition of the action, as a practical
matter, may impair or impede the party's ability to protect its
interests (MCR 2.209[A][3]).

*Abbott, Nicholson, Quilter, Esshaki & Young-
blood, P.C.* (by *Timothy J. Kramer*), for Precision
Pipe & Supply, Inc.

REFERENCES

Am Jur 2d, Parties §§ 133-141.
See the Index to Annotations under Intervention.

*Lawrence D. Heitsch,* for Meram Construction, Inc., and Sam Meram.

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C.* (by *Stephen Scapelliti*), for American Title Insurance Company.

*Steven B. Haffner,* for L.P.O.M. Group.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and BRENNAN, JJ.

BRENNAN, J. L.P.O.M. Group appeals as of right from a May 2, 1990, order denying its motion to intervene. We reverse.

In 1987, L.P.O.M. hired Midwest Development Company, Inc., as general contractor to construct two quick oil change facilities. Midwest hired Meram Construction, Inc., as a subcontractor to work on the project. Precision Pipe & Supply, Inc., supplied materials to Meram for this project. L.P.O.M. refused to pay Meram's outstanding invoice of approximately $23,000, claiming that it incurred an additional expense of approximately $27,000 to correct Meram's defective work. In order to obtain a waiver of lien, which was required to close on the sale of the two projects, L.P.O.M. entered into an "escrow and hold harmless agreement" with Midwest and American Title Insurance Company. Pursuant to the agreement, L.P.O.M. established an escrow fund for $23,247 to satisfy any judgment Meram might obtain against Midwest arising from labor and materials provided by Meram for the two projects. The escrow agreement required that Midwest assign to L.P.O.M. all defenses and claims it had against Meram in connection with the two projects.

On July 7, 1989, Precision filed the underlying action against Meram for payment for the materi-

als it supplied. Meram then cross-claimed against Midwest for payment for materials and services provided on several projects, including the two projects of L.P.O.M. Midwest answered Meram's cross-claim, but asserted no defenses. Meram and Midwest then entered into a partial consent judgment in favor of Meram against Midwest. Meanwhile, Precision obtained a judgment against Meram and obtained an order directing American Title to pay Precision out of the escrow fund. On January 9, 1990, L.P.O.M. first learned that Meram had filed a claim against Midwest. American Title stopped payment on the check to Precision for $24,485.57 because L.P.O.M. had threatened to sue. On January 22, 1990, L.P.O.M. moved to intervene both as a cross-defendant and a garnishee defendant. The court denied the motion, finding that intervention would delay and complicate the proceedings, which had continued for nearly a year with considerable expense to the parties. Further, the court reasoned that L.P.O.M. created the escrow agreement upon which Precision, Meram, Midwest, and American Title had relied in this litigation so that L.P.O.M. was estopped to deny, by intervening in this action, the availability of the escrow funds to satisfy a judgment of Meram against Midwest.

On appeal, L.P.O.M. argues that the court abused its discretion and deprived L.P.O.M. of its right to due process of law by denying its motion to intervene. L.P.O.M. moved for intervention pursuant to MCR 2.209(A)(3), which provides:

(A) Intervention of Right. On timely application a person has a right to intervene in an action:

*    *    *

(3) when the applicant claims an interest relating to the property or transaction which is the

subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The decision whether to grant a motion to intervene is within the court's discretion. *Sumpter v Kosinski,* 165 Mich App 784, 802; 419 NW2d 463 (1988). However, the rule should be liberally construed to allow intervention when the applicant's interest otherwise may be inadequately represented. *Id.*

In the present case, L.P.O.M.'s application for intervention was timely where it filed a motion to intervene thirteen days after learning of the action. The record reveals that L.P.O.M.'s interests were not adequately protected. Midwest, which had assigned its claims and defenses against Meram to L.P.O.M., failed to notify L.P.O.M. of Meram's cross-claim against Midwest and raised no affirmative defenses in its answer to Meram. Furthermore, Midwest entered into a partial consent judgment with Meram to the detriment of L.P.O.M.'s interest in the escrowed funds. American Title did not inform L.P.O.M. of the existence of Meram's cross-claim against Midwest or the existence of garnishment proceedings until January 9, 1990. Finally, it appears that L.P.O.M.'s ability to protect the escrowed funds and the claims and defenses against Meram that Midwest assigned to L.P.O.M. will be impaired where L.P.O.M. seeks to upset the amount of the consent judgment, not merely redistribute or reapportion the amount. Compare *Oliver v Dep't of State Police,* 160 Mich App 107, 116; 408 NW2d 436 (1987). It is only through the pending action that L.P.O.M. can assert its defenses against Meram. If L.P.O.M. not allowed to intervene, it will be barred forever from litigat-

ing its claims against Meram and protecting its escrow fund.

With regard to the trial court's finding that intervention by L.P.O.M. would delay and complicate the proceedings, we agree that intervention may not be proper where it will have the effect of delaying the action or producing a multifariousness of parties and causes of action. *Ferndale School Dist v Royal Oak Twp School Dist No 8,* 293 Mich 1; 291 NW 199 (1940). However, we believe that intervention might never be granted if this were strictly construed. Moreover, we note that L.P.O.M.'s intervention should not overcomplicate the proceedings. More importantly, we note that any delay in the case is not the fault of L.P.O.M., but rather Midwest for failing to notify L.P.O.M. of the proceedings. L.P.O.M. responded immediately after being notified of the action and should not suffer as a result of Midwest's inaction. With respect to the trial court's finding of estoppel, we note that L.P.O.M. is not denying the existence of the escrow agreement. Instead, L.P.O.M. is merely attempting to assert claims and defenses against Meram that Midwest assigned to L.P.O.M. in the escrow agreement. Accordingly, we find that the trial court abused its discretion in denying L.P.O.M.'s motion to intervene. As a result of our disposition of this issue, it is unnecessary to address L.P.O.M.'s remaining arguments.

Reversed.