*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORTH STAR SAIL CLUB,

   Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF HARRISON, NANCY
E. WERTHMAN, and DAVID WERTHMAN,

   Defendants-Appellees.

UNPUBLISHED
April 27, 2023

No. 359707
Macomb Circuit Court
2020-003914-CZ

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Nancy and David Werthman entered into a consent judgment with the Township in a separate case before a different judge concerning the zoning of the Werthmans' property. Plaintiff owns lots that are adjacent to the Werthmans' property, and by this action, plaintiff attempts to attack collaterally the consent judgment. The trial court granted defendants summary disposition. We affirm.

The Werthmans own two lots that were originally considered one parcel for zoning and building purposes. To separate the parcel back into the two lots, Nancy filed an application for a parcel split. The Township denied Nancy's application, and it also informed her that she would need a variance to build a single-family residential-use home on one of the lots since the lots were zoned as waterfront property and too small for building requirements. Nancy sued the Township in a separate case, requesting that the trial court in that case take superintending control over the Township. She also claimed that the Township had violated her equal-protection rights. Nancy and the Township entered into a consent judgment in that case that approved the parcel split as well as granted a variance for single-family residential use on the property.

After learning of this consent judgment, plaintiff sued defendants and complained that the consent judgment was improper for several reasons. All parties moved for summary disposition under MCR 2.116(C)(10), and defendants argued that, among other things, plaintiff did not have standing to attack the consent judgment from the earlier action in this collateral action. The trial court agreed with defendants and granted summary disposition to them. Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632. Additionally, this Court reviews the construction of statutes and ordinances, as well as whether a party has standing, de novo. *Connell v Lima Twp*, 336 Mich App 263, 281; 970 NW2d 354 (2021).

In the seminal case regarding standing, our Supreme Court held that,

> a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010).]

The issue in the instant matter is whether plaintiff has standing to attack collaterally the consent judgment of another court. "[A] collateral attack occurs whenever a challenge is made to a judgment in any manner other than through a direct appeal." *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995). "Collateral attacks, as opposed to direct appeals, require consideration of the interests of finality and of administrative consequences." *People v Ingram*, 439 Mich 288, 291; 484 NW2d 241 (1992). For that reason, collateral attacks on prior judgments are highly disfavored. *Id*.

A collateral attack is only permissible when challenging a void judgment. See *Foster v Foster*, 509 Mich 109, 126; 983 NW2d 373 (2022); and also *Workers' Compensation Agency Dir v MacDonald's Indus Prod, Inc.*, 305 Mich App 460, 476; 853 NW2d 467 (2014). As our Supreme Court has recognized, there is "a distinction between a judgment that is void and one that is voidable." *Foster*, 509 Mich at 124 fn 7. "[O]nly judgments entered without personal jurisdiction or subject-matter jurisdiction are void and subject to collateral attack." *Id*. at 126; see also *Workers' Compensation Agency Dir*, 305 Mich App at 477.

Plaintiff does not argue that the original circuit court somehow lacked personal jurisdiction over the parties. As for subject-matter jurisdiction, plaintiff argues that this was, in fact, missing in the original action. "Circuit courts are courts of general jurisdiction," *Papas v Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003), and they have "original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state," MCL 600.605.

Relevant here, the circuit court is vested with the authority to resolve complaints regarding constitutional violations, see *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453; 773 NW2d 730 (2009), zoning ordinances, *Long v City of Highland Park*, 329 Mich 146, 149; 45 NW2d 10 (1950), as well as authority to take superintending control, Const 1963, art 6, § 13. Consequently, the circuit court in the original case had subject-matter jurisdiction because Nancy's complaint requested that the trial court take superintending control over the Township to grant a parcel split, and she complained that the Township had violated her equal-protection rights.

Plaintiff raises several arguments regarding the merits of the separate case, as well as defendants' alleged impermissible actions when entering into that consent judgment. Indeed, plaintiff may well have a viable argument that, under *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 761; 630 NW2d 646 (2001), it should be allowed to challenge the consent judgment as a ruse that circumvented the zoning-ordinance procedures. Plaintiff ignores, however, that the issue in the instant appeal is not whether it has standing to challenge the consent judgment in the separate case, but whether it has standing in this case to attack the consent judgment of another judge in a separate case.

Even though the *Vestevich* court found that parties are not permitted to circumvent the legislatively prescribed process for raising and deciding zoning issues by entering into consent judgments, *Vestevich*, 245 Mich App at 764-765, the *Vestevich* court did not hold that consent judgments allegedly induced through fraud vitiate a trial court's subject-matter jurisdiction over the controversy.

Because plaintiff has failed to demonstrate that the underlying trial court was without subject-matter jurisdiction, it has also failed to demonstrate that the consent judgement is void. Given the consent judgment from the prior action is not void (but potentially voidable), plaintiff's collateral attack on it in this separate action is improper. *Foster*, 509 Mich at 126. Thus, there is no legal cause of action for plaintiff to attack collaterally the consent judgment. *LSEA*, 487 Mich at 372. Therefore, plaintiff is without standing in this case, and the trial court did not err in granting defendants summary disposition. Plaintiff also raises issues involving violations of its due-process rights, but those issues are moot because plaintiff's arguments concerning those issues involve the merits of the consent judgment.

To be clear, nothing in this appeal should be read to foreclose plaintiff from challenging the consent judgment in the original action. Similarly, we take no position on whether such a challenge would have merit or would be subject to dismissal based on a statute of limitation or the like.

Affirmed. Defendants, as the prevailing parties, may tax costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

-3-